NO. 07-08-0513-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 9, 2009
_____

DANIEL LUIS CANCINO,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 69th DISTRICT COURT OF DALLAM COUNTY;

NO. 4046; HON. RON ENNS, PRESIDING
_____

***ON ABATEMENT AND REMAND***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant appeals from his conviction for aggravated assault. The clerk's record was filed on December 22, 2008, and the reporter's record on February 24, 2009. Appellant's brief was due on March 26, 2009. Neither a brief nor a motion for extension was filed by that date, however. On April 2, 2009, the court sent a letter to appellant notifying him that the brief was overdue and that it or a response was due on April 13, 2009. On April 13, 2009, appellant filed a motion for extension of time to file the brief. It

was granted, and the deadline was extended to May 11, 2009. On May 12, 2009, this Court received appellant's motion to withdraw as counsel, stating that "no non-frivolous grounds for appeal" were found. The Court denied counsel's motion to withdraw on May 20, 2009, stating "the motion to withdraw cannot be granted until counsel satisfies his educational burdens, [and] files an *Anders* brief . . . The brief is due no later than Monday, June 1, 2009." To date, no brief has been filed.

Consequently, we abate the appeal and remand the cause to the 69th District Court (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.  whether appellant is indigent;

2.  whether appellant desires to prosecute the appeal;

3.  whether appellant has been denied the effective assistance of counsel due to appellate counsel's failure to timely file an appellate brief. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue the appeal, is indigent, and has been denied effective assistance of counsel, we further direct it to appoint new counsel to assist in the prosecution of the appeal. The name, address, phone number, telefax number, and state bar number of the new counsel, if any, who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be

developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing.  Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before July 9, 2009.  Should additional time be needed to perform these tasks, the trial court may request same on or before July 9, 2009.

       It is so ordered.


                                Per Curiam

Do not publish.